[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10555
Non-Argument Calendar

_____

D. C. Docket No. 05-00139-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY ORENTHAL GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 7, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

After his conviction by a jury for possession of a firearm by a convicted felon, Jerry Orenthal Green filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(b), arguing that there was insufficient evidence to support his conviction. He appeals the denial of that motion.

We review claims of insufficient evidence to convict de novo. *United States v. Nolan*, 223 F.3d 1311, 1314 (11th Cir. 2000) (per curiam). Viewing the evidence in the light most favorable to the government, we affirm the conviction if, based on this evidence, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (citation omitted).

Green argues that no rational jury could have convicted him because there was insufficient evidence that he knew he was in possession of a firearm. He argues that the evidence fails to support either his actual or constructive possession of a firearm. We find, however, after reviewing the record and considering the evidence in a light most favorable to the government, that a rational jury could have found that Green knowingly possessed a firearm. Two law enforcement officers testified at the trial that they approached Green at the Sey Hey Lounge because Green met the description of a person who was identified as being in possession of a firearm. When the officers approached Green and asked him to step outside, a struggle ensued and one officer "personally observed" Green reach

2

into the waistband of his pants and grab with his right hand what "appeared to be a silver and black pistol" and fling it after grabbing it. Green testified that he is left-handed, received a pat-down before entering the lounge, that other club patrons threw contraband on the floor, and that his fingerprints were not found on the firearm. But another officer testified that he visually followed the firearm, keeping it within his sight, and then retrieved it and handed it to a third officer. A third officer testified that although he did not see Green throw the firearm, the only people in the vicinity where the firearm was thrown were the officers themselves. The testimony of these three law enforcement officers was sufficient to link Green to the firearm, and the jury was entitled to believe them instead of Green. Accordingly, his conviction is affirmed.

**AFFIRMED.**